PETERS, Appellant,

v.

MANSFIELD SCREW MACHINE PRODUCTS COMPANY, Appellee.

[Cite as *Peters v. Mansfield Screw Machine Products
Co.* (1991), 73 Ohio App.3d 197.]

Court of Appeals of Ohio,
Richland County.

No. CA–2793.

Decided April 18, 1991.

*William J. Schulz,* for appellant.
*Brian J. Halligan,* for appellee.

MILLIGAN, Judge.

After appellee Mansfield Screw terminated her employment, appellant Sarah Peters brought this action alleging that she had been wrongfully discharged, based on an implied contract of employment and promissory estoppel. The trial court granted summary judgment for Mansfield Screw. Appellant assigns one error:

"The trial court abused its discretion in granting the defendant's motion for summary judgment as the defendant failed to prove that there were no genuine issues as to material facts, and that the defendants were entitled to judgment as a matter of law."

In 1978, Dick Whitchey, president of Mansfield Screw, hired appellant as a part-time custodian. Sometime later that year, Whitchey told her that she would have a job as long as he was working for Mansfield Screw. Appellant became a full-time employee in 1980. In 1987, appellant received an employee handbook.

In April 1989, appellant was smoking in the company building, in violation of the rules. Two foremen told her several times to stop smoking. By way of deposition, appellant recalls her reaction to the reprimand:

"A: I said, I got your message, okay? So maybe I shouldn't have done it, I turned around, gave them the finger, shot the moon, I went in the office.

" * * *

"Q: You gave the finger to both of them?

"A: Yes.

"Q: Both of them are supervisors?

"A: Yes.

"Q: Foremen?

"A: Yes.

"Q: You shot the moon exposing at least part of your bare buttocks?

"A: Not all, just down here (indicating), right there (indicating).

"Q: Well, some of your crack was showing, right?

"A: No, sir, because I couldn't get my string undone.

"Q: Otherwise you would have; is that what you're saying?

"A: Maybe, not necessarily."

Appellant was discharged by Whitchey after he learned of the incident.

Summary judgment is controlled by Civ.R. 56(C), which provides in pertinent part:

" * * * Summary judgment shall be rendered forthwith if the pleading, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. * * * A summary judgment shall not be rendered unless it appears from such evidence or stipulation and only therefrom, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, such party being entitled to have the evidence or stipulation construed most strongly in his favor. * * *"

The standard and evidence upon which we review summary judgment is the same for us as for the trial court. *Smiddy v. The Wedding Party, Inc.* (1987), 30 Ohio St.3d 35, 36, 30 OBR 78, 79, 506 N.E.2d 212, 214–215.

■ Ohio continues to adhere to the employment-at-will doctrine. *Mers v. Dispatch Printing Co.* (1985), 19 Ohio St.3d 100, 103, 19 OBR 261, 263–264, 483 N.E.2d 150, 153–154. A contract of employment which does not mention duration is one at will, terminable by either party for any reason or for no reason. *Phung v. Waste Management, Inc.* (1988), 40 Ohio App.3d 130, 134, 532 N.E.2d 195, 200–201. An employment contract other than one at will arises in one of three ways:

(1) an express contract arising at the inception of the employment, supported by consideration;

(2) an implied contract arising from the facts and circumstances surrounding the agreement, *Mers, supra,* at paragraph two of the syllabus; or

(3) a contract arising out of law and equity, based on promissory estoppel, where the employer should reasonably expect a representation of duration of employment to be relied on by the employee, and the expected act or forbearance actually occurs to the detriment of the employee. *Id.* at paragraph three of the syllabus.

Appellant did not have a written contract with Mansfield Screw.

■ Appellant first argues that an express contract was created by Whitchey's statement that she would have a job as long as he worked there. This statement was made after appellant had started her job. There is no evidence of new or additional consideration given by appellant in exchange for this promise. She maintains that her continued employment constitutes the consideration. She did say by way of affidavit that as Whitchey had made the statement, she had intended to work at the company until she retired. However, there is no evidence that she refrained from seeking other employment or passed up other employment opportunities. The consideration for her continued employment was the paycheck she received. The elements of an express contract are not supported by the facts, construed in favor of appellant.

■ Appellant next argues that the employee handbook given to her in 1987, nine years after she was hired, creates an implied contract.

The manual does provide rules of conduct and a procedure for disciplining employees. However, the existence of this procedure in and of itself does not alter the employment-at-will relationship. Such a system of discipline does not give the employee a contract right to remain employed unless the procedure is followed: the employer and employee both retain the right to terminate the

employment for any reason or no reason. To hold otherwise would discourage employers from ever adopting a manual with disciplinary procedure.

The manual also provides for seniority:

**"III  PROBATION PERIOD**

"A newly hired associate or an associate hired after his seniority is broken shall be regarded as probationary for thirty (30) continuous calendar days of service without seniority status.

"During the probation an associate will not be eligible for any company benefits.

**"IV  SENIORITY**

"Seniority shall be defined as the length of continuous service with the company.

"Continuous service shall date from your hire date provided the probationary period has been completed, and further provided continuous service has not been terminated as explained in this section.

"Seniority shall be terminated for any of the following:

"1) An associate is discharged for just cause.

"2) An associate quits or is retired.

"3) An associate is laid off.

"4) An associate fails to report for work after layoff within three (3) working days after notification.

"5) An associate does not return to work within three (3) work days following expiration of an approved leave of absence."

This section does not give an employee with seniority the right to continue employment unless terminated for just cause. The seniority provision relates only to company benefits, not to continued employment.[1]

The employee handbook did not create an implied contract of employment. In addition, there is no evidence in the record of any consideration given by appellant in 1987 when the handbook was distributed.

■ Appellant argues that Mansfield Screw was estopped from discharging her under a promissory estoppel theory. She first argues that she relied to

---

**1.** Compare *Adams v. Harding Machine Co.* (1989), 56 Ohio App.3d 150, 565 N.E.2d 858, where the Court of Appeals for Logan County held that where a handbook gave an employee seniority rights which could only be lost in enumerated ways, including discharge for cause, and no other method for discharge was specified, the employment was not at will. In *Adams,* the handbook stated that seniority provided "definite rights of employees for employment." *Id.* at 152, 565 N.E.2d at 860. In the case *sub judice,* the seniority rights section of the handbook did not state that employment rights were related to seniority.

her detriment on Whitchey's statement. Her statement that she intended to work at Mansfield Screw until she retired does not provide the detrimental reliance required by promissory estoppel. There is no evidence that she acted in reliance on the statement, or that she refrained from seeking other employment because of his statement.

Appellant also argues that other employees used crude language, made obscene gestures, and mooned their superiors without being disciplined, and she believed that she could not be disciplined for such conduct. Such evidence is only relevant *if* appellant had a contract of employment granting tenure, and she is defending a claimed breach. Inasmuch as we find no contract the evidence is irrelevant. She may not bootstrap a claim of employment by estoppel by such evidence.

Reasonable minds could come but to one conclusion: appellant was an employee at will and had no tenured contract of employment. The court did not err in granting summary judgment for Mansfield Screw. The assignment of error is overruled. The summary judgment of the Richland County Court of Common Pleas is affirmed.

*Judgment affirmed.*

PUTMAN, P.J., and GWIN, J., concur.