**BEAR, Appellant,**

**v.**

**GEETRONICS, INC., et al., Appellees.**

[Cite as *Bear v. Geetronics, Inc.* (1992), 83 Ohio App.3d 163.]

Court of Appeals of Ohio,
Butler County.

No. CA92–03–051.

Decided Oct. 19, 1992.

*Logothetis & Pence, Daniel N. Kosanovich* and *Susan D. Jansen,* for appellant.

*Matre, Cuni & Orner Co., L.P.A.,* and *James F. O'Brien,* for appellees.

WALSH, Judge.

Plaintiff-appellant, Elizabeth Ann Bear, appeals from a decision of the Butler County Court of Common Pleas granting summary judgment in favor of defendant-appellee, Geetronics, Inc.

Geetronics is a company based in Fairfield, Ohio, that manufactures computer boards and employs approximately twenty-five employees. Appellant was hired on May 7, 1990 to serve as general manager of the company and included among her duties were scheduling production, developing quality control systems and responsibility for customer service.

Shortly after the commencement of her employment, appellant observed several Geetronics employees consuming alcoholic beverages on plant premises in front of customers during business hours. In late May 1990, she orally informed Geetronics' president, defendant-appellee, Kevin Gilmartin, that she had witnessed employees drinking on the job. Gilmartin responded that his customers understood the way he conducted business and that he did not believe employee drinking to be a problem. He additionally explained that he allowed drinking on

the premises in an effort to prevent the employees from frequenting liquor establishments, where they might learn of better employment opportunities.

Approximately three months later, appellant orally informed Gilmartin about an incident that took place on plant premises which involved a minor employee. The employee, who was cleaning equipment with a chemical known as Trichlor III, needed to be escorted outside for some fresh air after complaining to appellant that the room he was working in was foggy. Appellant later learned that the canister which contained the Trichlor III had a warning label that prohibited the use of the chemical before, during or after the consumption of alcohol. Following the incident, the employee told appellant that on a previous occasion he and another employee had consumed alcohol while working with the chemical.

After a production scheduler at the plant advised appellant that Gilmartin had supplied four minor employees with alcohol and drank on the premises with them, appellant met with Geetronics' executive vice-president and vice-president of engineering in early September 1990. Gilmartin was ill at the time and did not attend the meeting. At the meeting, appellant orally requested that the company prohibit the consumption of alcohol by minors on the premises. Both vice-presidents agreed that employee drinking had become a problem and assured appellant that they would discuss the issue with Gilmartin.

Appellant was subsequently discharged from her employment with Geetronics on September 14, 1990, according to the exit interview form because she "hired herself out of [the] job." Apparently, Geetronics decided to reduce its staff in order to cut expenses and appellant's general manager position was terminated, even though she had been hired only about four months earlier. Her duties were subsequently assumed by Gilmartin and one of the company's vice-presidents.

Appellant filed a complaint against Geetronics, Gilmartin and Geetronics' board of directors, defendants-appellees, Thomas Dix, William Meyer and Robert Fullen, M.D., on January 10, 1991, which was subsequently amended on July 18, 1991. In the amended complaint, appellant alleged that her discharge violated R.C. 4113.52 because the discharge occurred after she had complained about unsafe conditions in Geetronics' workplace. She also alleged that her termination was a retaliatory move on the part of Geetronics for her objections to the company's unlawful activities and thus amounted to a violation of public policy as specified in *Greeley v. Miami Valley Maintenance Contractors, Inc.* (1989), 49 Ohio St.3d 228, 551 N.E.2d 981.

Geetronics moved for summary judgment on October 7, 1991. The court thereafter conducted a hearing on the matter and, in a well-written decision issued February 19, 1992, granted the motion. The court concluded there was no cause of action as a matter of law, since (1) appellant failed to provide Geetronics

with a written notice that identified and described the violations and (2) the facts of the case did not give rise to a public-policy exception to the employment-at-will doctrine. As a result of its decision, the court declared the remaining issues of individual liability that pertained to Gilmartin and Geetronics' directors to be moot. This appeal followed.

The crux of appellant's two assignments of error is that the court erred in granting Geetronics' motion for summary judgment. It is well established in Ohio that summary judgment may be granted only when the following three factors have been established:

" ' * * * (1) that there is no genuine issue as to any material fact; (2) that the moving party is entitled to judgment as a matter of law; and (3) that reasonable minds can come to but one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made, who is entitled to have the evidence construed most strongly in his favor.' " *Bostic v. Connor* (1988), 37 Ohio St.3d 144, 146, 524 N.E.2d 881, 884, quoting *Harless v. Willis Day Warehousing Co.* (1978), 54 Ohio St.2d 64, 66, 8 O.O.3d 73, 74, 375 N.E.2d 46, 47. See, also, Civ.R. 56(C).

The burden of showing that no genuine issue exists as to any material fact falls upon the party moving for summary judgment. *Toledo's Great E. Shoppers City, Inc. v. Abde's Black Angus Steak House* (1986), 24 Ohio St.3d 198, 201–202, 24 OBR 426, 428–429, 494 N.E.2d 1101, 1103–1104.

In her first assignment of error, appellant maintains that the court erred in finding that there was no genuine issue of material fact as to whether she could establish that her discharge violated R.C. 4113.52.

R.C. 4113.52, also referred to as Ohio's "Whistleblower Act," establishes guidelines by which an employee can bring to the attention of the employer or appropriate authorities illegal activity by either the employer or a coemployee without being discharged. *Wing v. Anchor Media, Ltd. of Texas* (1991), 59 Ohio St.3d 108, 112, 570 N.E.2d 1095, 1099. In pertinent part, R.C. 4113.52(A)(1)(a) provides:

"If an employee becomes aware in the course of his employment of a violation of any state or federal statute or any ordinance or regulation of a political subdivision that his employer has authority to correct, and the employee reasonably believes that the violation either is a criminal offense that is likely to cause an imminent risk of physical harm to persons or a hazard to public health or safety or is a felony, the employee orally shall notify his supervisor or other responsible officer of his employer of the violation and subsequently shall file with that supervisor or officer a written report that provides sufficient detail to identify and describe the violation."

The statute further mandates that no employer take any disciplinary or retaliatory action against an employee who makes any report authorized by R.C. 4113.52(A)(1). R.C. 4113.52(B).

As the express language of R.C. 4113.52(A)(1)(a) makes clear, in order for an employee to invoke the protection offered by the statute, the employee is required to both orally notify a supervisor or other responsible officer of the employer of the violation and file a written report with that supervisor or officer which provides sufficient detail to identify and describe the violation. The necessity that the employee fulfill both requirements is obvious. Oral notification is needed to establish a direct, personal contact between an official in a position of responsibility with the employer and the employee who is aware of the violation. The written report, on the other hand, is required to show that notice of the violation was given and, equally as important, to provide the employer with the specific facts surrounding the infraction so that the employer may formulate and implement the necessary corrective measures. The failure on the employee's part to satisfy either one of these two requirements, but in particular the written notice, hampers an employer's ability to quickly and effectively rectify the situation.

The trial court in the case *sub judice* found that appellant did not provide written notice to any of her supervisors at Geetronics about the employees' drinking and, for that reason, entered summary judgment in favor of the company. The court noted that although appellant's actions were entirely reasonable, by failing to file a written notice she did not technically meet the specifications for protection required by R.C. 4113.52(A)(1)(a).

Having independently reviewed the record, we find ourselves in agreement with the trial court that appellant was not entitled to protection under the Whistleblower's Act as a matter of law. While there is evidence that shows appellant orally informed several officers at Geetronics, including the company's president, about certain violations that had taken place on plant premises, there is simply no evidence that she also filed a written notice with any of the officers. Although appellant states in her affidavit that she did draft a memorandum to Gilmartin in which she informed him that minor employees drank on the job, that was not sufficient to satisfy the "written notice" requirement, since appellant admitted that she did not give Gilmartin the memorandum prior to her discharge. In light of appellant's own admission that she failed to file a written notice about violations at the plant with a supervisor before her discharge, there is no genuine issue of material fact that she has no cause of action against Geetronics under R.C. 4113.52. For this reason, the first assignment of error is overruled.

Under her second assignment of error, appellant argues that the court erred in concluding that no genuine issue of material fact existed with respect to her claim that her discharge violated Ohio's public policy.

The employment-at-will doctrine holds that when a contract of employment does not mention the duration of employment, employment is considered to be at will and terminable by either party for any reason or for no reason. *Peters v. Mansfield Screw Mach. Products Co.* (1991), 73 Ohio App.3d 197, 200, 596 N.E.2d 1071, 1073; *Phung v. Waste Management, Inc.* (1988), 40 Ohio App.3d 130, 134, 532 N.E.2d 195, 200. The doctrine further holds that the discharge of an "at-will" employee without cause does not constitute a breach of contract nor does it permit the recovery of damages by the discharged employee. *Henkel v. Educational Research Council of America* (1976), 45 Ohio St.2d 249, 255, 74 O.O.2d 415, 418, 344 N.E.2d 118, 121. It is not disputed that appellant was an "at-will" employee of Geetronics.

In *Greeley, supra,* the Ohio Supreme Court held that although the doctrine of employment at will continues to be recognized in Ohio, an exception to the doctrine exists on public policy grounds "when an employee is discharged or disciplined for a reason which is prohibited by statute." *Id.* at paragraph one of the syllabus. In *Greeley* the employee was discharged in violation of R.C. 3113.213(D), which prohibits an employer from using a court order that withholds an employee's personal earnings for child support as a basis for discharging the employee. In allowing the employee to pursue a wrongful discharge action against his employer even though the statute did not expressly provide for a civil remedy, the court wrote, "[t]he General Assembly has expressed its will that employers be prohibited from discharging employees for the reason upon which appellant bases his cause of action," and "[i]t is our job to enforce, not frustrate, that policy." *Greeley, supra,* 49 Ohio St.3d at 234, 551 N.E.2d at 986.

Appellant relies on *Greeley* to argue that although her discharge may not have been protected by R.C. 4113.52, this court should nonetheless allow her cause of action by creating yet another exception to the employment-at-will doctrine. She contends an exception should be made since she was terminated for reporting about conduct on Geetronics' part, namely permitting employees, including minors, to drink alcohol on work premises, which violates not only several statutes, but public policy as well.

■ The argument advanced by appellant asks this court to create a public-policy exception for whistleblowing. This we refuse to do. As stated previously, the purpose of R.C. 4113.52 is to allow employees to report an employer's unlawful activities without being terminated in retaliation by the employer. To achieve that objective, the statute establishes certain procedures that both the employer and employee must follow and provides for a private cause of action

with a list of remedies. It is thus the express will of the General Assembly that actions similar to that instituted by appellant be brought pursuant to R.C. 4113.52. See *Ungrady v. Burns Internatl. Sec. Serv., Inc.* (N.D.Ohio 1991), 767 F.Supp. 849, 852. In light of the above, we believe R.C. 4113.52 preempts the formation of a public-policy exception to the employment-at-will doctrine within the specific context of whistleblowing. The second assignment of error is accordingly not well taken.

On the basis of the aforementioned, we find that reasonable minds can come to but one conclusion and that conclusion is adverse to appellant. The trial court therefore properly entered summary judgment in favor of Geetronics. Appellant's two assignments of error are hereby overruled and the judgment of the trial court affirmed.

*Judgment affirmed.*

JONES, P.J., and WILLIAM W. YOUNG, J., concur.