Tom C. **RHEINECKER**, Plaintiff,

v.

**FOREST LABORATORIES,**
et al, Defendants.

No. C–1–91–543.

United States District Court,
S.D. Ohio, W.D.

July 16, 1993.

Theodore Newton Berry and Stanley Morris Chesley, Waite, Schneider, Bayless & Chesley, Cincinnati, OH, for plaintiff.

Paul Brent Calico, Strauss & Troy, Cincinnati, OH and Richard J. Schaeffer, Dornsbush, Mandelstam & Silverman, New York City, for defendants.

Ann Louise Lugbill, Helmer, Lugbill & Whitman Co. L.P.A., Cincinnati, OH, for amici curiae.

## ORDER DENYING PLAINTIFF'S MOTION TO RECONSIDER

SPIEGEL, District Judge.

This matter is before the Court on the Plaintiff's Motion to Reconsider (doc. 61), the Motion by *Amici Curiae* for Leave to File Brief (doc. 62), Motion to Add Additional Party as *Amici Curiae* (doc. 65), the Defendants' Response (doc. 66), and the Plaintiff's Reply (doc. 71). As a preliminary matter, we hereby GRANT the motions for leave to file briefs *Amici Curiae,* for the purposes of this motion only, and accordingly consider those documents in ruling on this motion.

The Plaintiff has moved this Court to reconsider our Order Granting in Part and Denying in Part the Defendants' Motion for Summary Judgment, filed January 27, 1993 (doc. 56) (reported as, *Rheinecker v. Forest Laboratories, Inc.,* 813 F.Supp. 1307 (S.D.Ohio 1993)). The Plaintiff and *Amici Curiae* claim that this Court erred in holding that the Ohio Whistleblower Act preempted the Plaintiff's public policy claim as set forth in *Greeley v. Miami Valley Maintenance Contractors, Inc.,* 49 Ohio St.3d 228, 551 N.E.2d 981 (1990). They also contend that this Court erred in dismissing the Plaintiff's claim under the Cincinnati Whistleblower Act. After carefully reviewing all of the documents before the Court, for the reasons discussed below, we hereby deny the Plaintiff's motion with respect to both claims.

In support of his proposition that Ohio Rev.Code § 4113.52 ("Ohio Whistleblower Act" or "Act") does not preempt, but is rather supplemented by, a *Greeley* claim, the Plaintiff relies heavily on the Ohio Supreme Court's decision in *Helmick v. Cincinnati Word Processing, Inc.,* 45 Ohio St.3d 131, 543 N.E.2d 1212 (1989). We find this case inapplicable to the case at bar.

In *Helmick,* the plaintiffs asserted common law tort causes of action, which, unlike the case at bar, had long been recognized under Ohio law. In ruling that Ohio Revised Code Chapter 4112 did not preempt the common law remedies, the *Helmick* court relied expressly on the "axiom that an *existing* common-law remedy may not be extinguished by a statute except by direct enact-

ment or necessary implication." *Id.* at 135, 543 N.E.2d 1212 (emphasis added). The Plaintiff attempts to apply this language to this case, claiming that the Whistleblower Act cannot preempt a *Greeley* claim, absent express language in the Act so stating.

While the Court does not dispute the rule of Ohio law enunciated in *Helmick*, we find that it has no application to the case before the Court. In this case, the Whistleblower Act *created* a new cause of action which had not existed before enactment of the Whistleblower Act. *See Tulloh v. Goodyear Atomic Corp.,* 62 Ohio St.3d 541, 545–546, 584 N.E.2d 729 (1992). Thus, there *was* no cause of action for whistleblowing, common-law or otherwise, prior to enactment of the Whistleblower Act. *See Wing v. Anchor Media Ltd. of Texas,* 59 Ohio St.3d 108, 113–14, 570 N.E.2d 1095 (1991); *Phung v. Waste Management, Inc.,* 23 Ohio St.3d 100, 103, 491 N.E.2d 1114 (1986) ("[a]n at-will employee who is discharged for reporting to his employer that it is conducting its business in violation of the law does not have a cause of action against the employer for wrongful discharge"); *Rheinecker v. Forest Laboratories, Inc.,* 813 F.Supp. 1307, 1313, 1314 (S.D. Ohio 1993).[1] The doctrine that a statutory enactment does not extinguished an *existing* common law action, therefore, is inapplicable to the case at bar.

On the contrary, the applicable rule of statutory interpretation that must guide the Court in reaching its conclusion, is the well settled principal that,

> where a statute creates a new right or imposes a new duty, and proscribes a remedy for its violation, the remedy thus proscribed is exclusive. In such case, it has been declared that the court can make such orders and render such judgement as the statute may point out, and no others.

85 Ohio Jur.3d, *Statutes,* § 360. As the Supreme Court of Ohio observed more that a century ago, where a statute creates a right

where none existed before, that is, where the statute creates a new cause of action not available at common law by

> prohibiting and making unlawful anything which was lawful before, and appoints a specific remedy against such new offense ... by a particular sanction and a particular method of proceeding, *that particular method of proceeding must be pursued and none other.*

*Commissioners v. Bank of Findley,* 32 Ohio St. 194, 201 (1877) (quotation omitted) (emphasis in original); *General Electric Co. v. International Union,* 50 O.O. 399, 404, 93 Ohio App. 139, 108 N.E.2d 211 (Court of Appeals Hamilton County) (1952) ("[w]e believe it is equally clear that where a new right is created or a new duty imposed by a statute and the statute prescribes a remedy for the enforcement of the right or duty, the remedy thus provided is exclusive"). Therefore, as the Whistleblower Act created a new cause of action which did not exist at common law, "the remedy thus provided is exclusive." *See General Electric Co.,* 50 O.O. at 404, 93 Ohio App. 139, 108 N.E.2d 211; *Bank of Findley,* 32 Ohio St. at 201; 85 Ohio Jur.3d, *Statutes,* § 360.

Furthermore, in interpreting Ohio law, it is incumbent upon this Court to heed the words of the Ohio Supreme Court which has stated that, "the Ohio Constitution delegates to the legislature the primary responsibility for protecting the welfare of employees.... In the past, this Court has deferred employment matters to the legislature." *Phung v. Waste Management, Inc.,* 23 Ohio St.3d 100, 103, 491 N.E.2d 1114 (1986) (citing *State ex rel. Clark v. Brown,* 1 Ohio St.2d 121, 205 N.E.2d 377 (1965)). It is therefore of great significance that the General Assembly passed the Whistleblower Act as a direct result of the *Phung* decision discussed above. It is also striking that the General Assembly, as the Defendants have observed, specifically considered and rejected a draft of the Whistle-

---

1. The Plaintiff has criticized the Defendant's reliance on *Phung,* claiming that it has been "effectively overruled" by *Greeley.* The Plaintiff fails to realize, however, that regardless of the impact *Greeley* may have had on *Phung's* precedential value in some respects, it still unequivocally establishes, along with other cases, the fact that

prior to the enactment of the Whistleblower Act, there was no common law cause of action recognized in Ohio for an employee-at-will terminated for Whistleblowing. *See Phung v. Waste Management, Inc.,* 23 Ohio St.3d 100, 103, 491 N.E.2d 1114 (1986)

blower Act which would have included, among other things, punitive damages. *See* Hearings of May 7, 1987 on House Bill No. 406 (Whistleblower Act).

This rejection of the broader remedies provision bespeaks the General Assembly's repudiation of the notion that the public policy of this state mandates the availability of the remedies sought by the Plaintiff. In light of these factors, we must conclude that legislative intent was to make the Whistleblower Act the exclusive remedy for employees-at-will terminated for whistleblowing.[2]

We therefore find that the General Assembly intended to limit the remedies available for this newly created cause of action as enumerated, when it enacted the Whistleblower Act. Consequently, we decline to withdraw from our order now under review. As we observed in that order,

> [i]n enacting the Whistleblower Act ... the Legislature was clear in its purpose of creating a statutory exception to the employment-at-will doctrine for whistleblower terminations where none existed before. The Legislature was equally clear in its intention of tempering this exception with precisely enumerated procedural steps, and specifically limited remedies.

*Rheinecker v. Forest Laboratories, Inc.*, 813 F.Supp. 1307, 1313, 1314 (S.D.Ohio 1993). We therefore again conclude, that it was the express will of the General Assembly that actions for whistleblower terminations be brought pursuant to the Whistleblower Act. *Bear v. Geetronics, Inc.*, 83 Ohio App.3d 163, 169, 614 N.E.2d 803 (1992); *Ungrady v. Burns Intern. Sec. Services, Inc.*, 767 F.Supp. 849, 853 (N.D.Ohio 1991).

Accordingly, upon careful review of the documents before the Court on the Plaintiff's Motion to Reconsider, for the forgoing reasons, we hereby DENY the Plaintiff's motion.

SO ORDERED.

---

2. In rejecting the proposed version of the Whistleblower Act which would have provided punitive damages, the general Assembly, at least implicitly, rejected the idea that it is the public policy of the State of Ohio to provide such a remedy for whistleblower terminations. In an impassioned plea during a hearing introducing the rejected version, a sponsor of the draft, referring to the Ohio Supreme Court's decision in *Phung*, stated that,

> [a]s a result [of the employer's violations], Dr. Peter Phung was not only fired but also, because of the exposure to chemicals, he is permanently disabled. Thus, Dr. Phung is both permanently injured and permanently unemployed. The Ohio Supreme Court, in the case of *Phung v. [Waste Management]*, held that, if public policy is to be changed, then you, the legislators, must make the change. In addition, you have passed legislation ... which prevents Dr. Phung from recovering for the intentional tort of exposure to these chemicals. Thus, the combination of the State legislature and the Ohio Supreme Court has resulted in an absolute travesty of justice.
>
> *Public policy*, as enacted by this body and as perceived by the public, is frustrated unless *protection* is given to those who uphold the interest of the public.
> NECESSARY CHANGES IN PROPOSED [ACT]
> 2. Paragraph (C) should be changed to add: "... actual damages, punitive damages, or any combination...." (underlined portion added.)

See Hearings of May 7, 1987 on House Bill No. 406 (Whistleblower Act) (underlined portions in original) (italics supplied).

In rejecting the punitive damages provision, therefore, the General Assembly also rejected the notion that the public policy of this state mandates such remedies for whistleblower terminations. Thus, considering both the fact that no public policy exception to the employment-at-will doctrine for whistleblower terminations existed prior to the Act, and the fact that the General Assembly rejected the notion that the public policy of this state mandates inclusion of the punitive damages provision, we must conclude that this is not the type of situation contemplated by the Ohio Supreme Court in *Greeley*. Likewise, we must conclude that the broad remedies available under *Greeley* are not of the type the General Assembly intended to make available in enacting the Whistleblower Act.