BUSHMAN, Exr., Appellant,

v.

MID–OHIO REGIONAL PLANNING COMMISSION, Appellee.

[Cite as *Bushman v. Mid–Ohio Regional Planning Comm.* (1995), 107 Ohio App.3d 654.]

Court of Appeals of Ohio,
Tenth District, Franklin County.

No. 95APE03–249.

Decided Dec. 7, 1995.

656

*Zingarelli Law Offices, Larry R. Zingarelli* and *William J. O'Malley,* for appellant.

*Baker & Hostetler, Ronald G. Linville* and *Ellen J. Garling,* for appellee.

JOHN C. YOUNG, Judge.

Plaintiff, Thomas L. Bushman, filed a complaint in the Franklin County Court of Common Pleas, alleging that defendant-appellee, Mid–Ohio Regional Planning Commission ("MORPC"), terminated him in violation of R.C. 4113.52, the whistle-blower statute. In addition, plaintiff alleged claims of intentional infliction of emotional distress, reverse race discrimination and fraud. Plaintiff voluntarily dismissed his whistleblower claim with prejudice because it was untimely filed. Plaintiff filed a motion to amend his complaint to include a claim alleging wrongful discharge in violation of public policy. The trial court denied this motion by entry dated March 30, 1994. Thereafter, MORPC filed a motion for summary judgment on all of plaintiff's claims. During the pendency of MORPC's motion for summary judgment, plaintiff died of causes unrelated to the claims raised in this case and his wife, as executor of his estate, was substituted as the party-in-interest. By entry dated January 30, 1995, the court of common pleas granted summary judgment in favor of MORPC on all of plaintiff's claims and dismissed plaintiff's complaint. Thereafter, the executor ("appellant"), filed a notice of appeal to this court, alleging the following assignments of error:

"1. The Franklin County Court of Common Pleas erred in finding futility to be an appropriate basis for denying amendment under Ohio Rule of Civil Procedure 15(A).

"2. The Franklin County Court of Common Pleas erred in finding that Appellant's [plaintiff's] proposed amendment to include a claim for wrongful termination in violation of public policy was futile.

"3. The Franklin County Court of Common Pleas erred in granting defendant's motion for summary judgment when genuine issues of material fact existed as to the claim for intentional infliction of emotional distress.

"4. The Franklin County Court of Common Pleas erred in granting defendant's motion for summary judgment when genuine issues of material fact existed as to the claim for race discrimination in violation of O.R.C. § 4112.02.

"5. The Franklin County Court of Common Pleas erred in granting defendant's motion for summary judgment when genuine issues of material fact existed as to the claim for fraud."

MORPC is a regional planning commission which administers housing rehabilitation projects in Franklin and Ross Counties under grants from the federal government. In March 1992, plaintiff was hired by MORPC in the Housing Community Development and Weatherization Department as a housing case supervisor. Plaintiff's duties included visiting homes to be rehabilitated, documenting improvements necessary to bring houses up to minimum housing requirements, generating bid specifications, and taking bids from subcontractors to perform various rehabilitation work. Plaintiff also supervised two employees, Bobby Thompson and Barbara Richardson.

Plaintiff served a six-month probationary period in this position. Approximately three months into his employment, plaintiff received a Mid–Probation Function Agreement Review. Plaintiff's overall evaluation was considered unsatisfactory. In September 1993, plaintiff met with his supervisor, Thomas Phillips, and was advised that he was not going to successfully complete his probationary period because of his demonstrated lack of supervisory skills. Plaintiff was offered another job which lacked supervisory responsibilities but at a reduced salary. This position would have placed plaintiff on the same level as the two individuals he previously supervised. Plaintiff refused to accept the demotion and was terminated.

Thereafter, plaintiff filed his complaint in the common pleas court. Plaintiff alleged that he was discharged for reporting to MORPC violations by contractors who performed work on housing projects in a substandard fashion. Plaintiff specifically pointed to his efforts to correct substandard wiring performed on a house owned by Carolyn Pack ("Pack project"). Plaintiff argued that he informed his supervisor that applicable regulations in the bidding, contracting and performance of the remedial electrical work on the Pack project were not being followed. According to plaintiff, it was soon thereafter that he was informed that he would be required to accept a demotion and a cut in pay. Plaintiff further alleged that such actions constituted fraud and reverse racial discrimination and that he sustained severe emotional distress as a result of the actions of MORPC.

 In the first two assignments of error, appellant argues that the trial court erred when it denied plaintiff's motion for leave to amend his complaint to include a claim for wrongful discharge in violation of public policy on the grounds

that the amendment would be futile. The standard of review for the failure to grant a motion to amend is the abuse of discretion standard. See *Wilmington Steel Products, Inc. v. Cleveland Elec. Illum. Co.* (1991), 60 Ohio St.3d 120, 122, 573 N.E.2d 622, 624. An abuse of discretion connotes more than just an error of law. It exists where the court's attitude, evidenced by its decision, was unreasonable, arbitrary or unconscionable. *Worthington v. Worthington* (1986), 21 Ohio St.3d 73, 21 OBR 371, 488 N.E.2d 150; *Huffman v. Hair Surgeon, Inc.* (1985), 19 Ohio St.3d 83, 87, 19 OBR 123, 126–127, 482 N.E.2d 1248, 1252.

Civ.R. 15(A) provides that, after a responsive pleading has been served, a party may amend a pleading only by leave of the court or by written consent of the adverse party. In *Peterson v. Teodosio* (1973), 34 Ohio St.2d 161, 63 O.O.2d 262, 297 N.E.2d 113, the court stated that the decision whether to grant a motion to amend rests within the sound discretion of the trial court. The court added that, where it is possible that the plaintiff, by amending the complaint, may set forth a claim upon which relief can be granted, the court abuses its discretion in denying the motion to amend.

■ In the present case, plaintiff sought to amend his complaint to add a cause of action alleging that he was terminated in retaliation for notifying homeowners of defects in the workmanship performed by contractors who had done work on their homes. Plaintiff's motion to amend was filed after plaintiff voluntarily dismissed his cause of action relating to R.C. 4113.52, the whistleblower statute, because he did not file his complaint within the statute of limitations. Appellant asserts that plaintiff has a cause of action under common-law tort theories because his termination was contrary to the public policy behind the statute. Therefore, appellant asserts that the trial court should not have denied plaintiff's motion on the grounds that the amendment would be futile.

In *Cisneros v. Birck* (Apr. 11, 1995), Franklin App. No. 94APE08–1255, unreported, 1995 WL 222156, this court considered a similar question. In *Cisneros,* the plaintiff sought leave to amend her complaint to add a cause of action alleging that she was terminated in retaliation for complaining about events in her workplace, specifically, an incident where her prescription card was used to purchase medicines to be used by the doctors at the office. Plaintiff was not able to fall within the protection of R.C. 4113.52 because she did not file a written report after making a complaint about the incident to one of the doctors. However, plaintiff asserted that she could maintain a cause of action under common-law tort theories because the doctors had acted contrary to the public policy behind the statute.

This court construed the status of the law in Ohio regarding that issue as follows:

"In *Greeley v. Miami Valley Maintenance Contrs., Inc.* (1990), 49 Ohio St.3d 228 [551 N.E.2d 981], the court held that public policy warrants an exception to the employment-at-will doctrine when an employee is discharged for a reason which is prohibited by statute. However, in *Bear v. Geetronics, Inc.* (1992), 83 Ohio App.3d 163 [614 N.E.2d 803], the court refused to create a *Greeley* exception with regard to R.C. 4113.52, since the statute establishes specific procedures that both the employee and employer must follow, as well as providing for a private cause of action with a list of remedies. We agree with the court in *Bear,* that unlike the situation in *Greeley* where the statute, R.C. 3113.213, did not provide a private remedy, R.C. 4113.52 does provide such a remedy including reinstatement and payment of back wages and benefits. In order to claim the benefits of R.C. 4113.52, appellant must also meet its requirements. Since she failed to do so she cannot seek to avoid her statutory obligations in the guise of a public policy argument."

In so holding, this court found that the trial court did not abuse its discretion in denying the motion to amend the complaint, when to do so would be a "vain act."

Applying the above-cited law to the facts of the present case, this court finds that the trial court did not abuse its discretion when it overruled plaintiff's motion to amend his complaint.

Therefore, appellant's first and second assignments of error are not well taken and are overruled.

In the third, fourth and fifth assignments of error, appellant argues that the trial court erred in granting MORPC summary judgment on plaintiff's other causes of action. Appellant argues that genuine issues of material fact exist as to plaintiff's claims for intentional infliction of emotional distress, for race discrimination, and for fraud.

Summary judgment, Civ.R. 56, is a procedural device designed to terminate litigation and to avoid a formal trial where there is nothing to try. It must be awarded with caution, resolving all doubts and construing all evidence against the moving party, and granted only when it appears from the evidentiary material that reasonable minds can reach only an adverse conclusion as to the party opposing the motion. See *Norris v. Ohio Std. Oil Co.* (1982), 70 Ohio St.2d 1, 24 O.O.3d 1, 433 N.E.2d 615.

Pursuant to Civ.R. 56(C), summary judgment may be rendered where there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Summary judgment may not be rendered unless it appears that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom this motion is made.

▮ The moving party has the burden of showing that there is no genuine issue as to any material fact as to the critical issues. The opposing party has a duty to submit affidavits or other material permitted by Civ.R. 56(C) to show a genuine issue for trial. See *Harless v. Willis Day Warehousing Co.* (1978), 54 Ohio St.2d 64, 8 O.O.3d 73, 375 N.E.2d 46.

▮ Appellant's third assignment of error concerns plaintiff's claim for intentional infliction of emotional distress. The standard for recovery on a claim for intentional infliction of emotional distress has been set forth in *Yeager v. Local Union 20* (1983), 6 Ohio St.3d 369, 6 OBR 421, 453 N.E.2d 666. The Supreme Court of Ohio, in adopting Restatement of the Law 2d, Torts (1965) 71, Section 46(1), held as follows:

" ' * * * It has not been enough that the defendant has acted with an intent which is tortious or even criminal, or that he has intended to inflict emotional distress, or even that his conduct has been characterized by "malice," or a degree of aggravation which would entitle the plaintiff to punitive damages for another tort. Liability has been found only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community. Generally, the case is one in which the recitation of the facts to an average member of the community would arouse his resentment against the actor, and lead him to exclaim, "Outrageous!" ' " *Id.* at 374–375, 6 OBR at 425–427, 453 N.E.2d at 671.

▮ Appellant states that MORPC pursued a course of extreme and outrageous behavior by giving plaintiff a poor performance evaluation and offering to demote him because he had notified homeowners when contractors failed to properly perform work on their homes even though, in reality, plaintiff's performance as a supervisor was satisfactory. The record in the present case simply does not support appellant's contentions and this court finds that the trial court properly granted summary judgment on this issue. By reviewing the deposition testimony of Thomas D. Phillips III, plaintiff's immediate supervisor, and Linda S. Donnelly, Phillips's supervisor, and after reviewing the mid-probation review given to plaintiff, concerns about plaintiff's ability to properly supervise other employees was consistently noted and documented. Furthermore, it appears from the record that plaintiff's supervisors did not have a problem with him exposing problems with the work performed by the subcontractors. Instead, the problem his supervisors had was with the manner in which plaintiff dealt with those problems. Furthermore, there is no evidence in the record to document that plaintiff was suffering from severe emotional distress as explained by the court in *Yeager, supra.*

Plaintiff was an at-will employee serving a six-month probationary period. He received an unsatisfactory evaluation for the first three months and, at the end of the six-month probationary period, he was offered a job commensurate with his abilities. In the new position, plaintiff would not have any supervisory responsibilities. Based upon the evidence submitted, no genuine issues of material facts existed and the trial court properly granted summary judgment.

Appellant's third assignment of error is not well taken and is overruled.

In the fourth assignment of error, appellant argues that the trial court erred in granting summary judgment on plaintiff's cause of action for race discrimination. In deciding what constitutes a prima facie case of discrimination under R.C. Chapter 4112, Ohio courts have applied the standard set forth in *McDonnell Douglas Corp. v. Green* (1973), 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668. A plaintiff must show the following: (1) that he was a member of a protected class; (2) that he sought and was qualified for an open position; (3) that despite his qualifications, he was denied the position; and (4) that an individual who is not a member of the protected class was given the position. However, in cases involving reverse race discrimination, courts have modified the standard of *McDonnell Douglas* to enable plaintiffs who are members of a dominant group to prove a prima facie case of discrimination against them. In such a situation, one must show the following: (1) background circumstances supporting the suspicion that the defendant is the unusual employer who discriminates against the majority; and (2) that the employer treated employees who were similarly situated, but not members of the protected group, more favorably. *Murray v. Thistledown Racing Club, Inc.* (C.A.6, 1985), 770 F.2d 63, 67.

Upon review of the record, we find that the trial court properly granted summary judgment in favor of MORPC. Plaintiff did not present any evidence tending to show that MORPC is the unusual employer which discriminates against white employees. The statement that plaintiff was told that MORPC was trying to hire more black employees is not sufficient evidence to establish a prima facie case. Further, plaintiff did not set forth facts showing that MORPC treated similarly situated black employees more favorably because of their race. Instead, plaintiff's deposition is full of his personal speculation as to why certain people were hired without any factual evidence to support his personal beliefs. Plaintiff points to one instance in which Bobby Thompson, a black employee, was reprimanded and then later promoted to support his argument, but completely ignores the fact that Thompson had received satisfactory evaluations with regard to his work. The trial court did not err in granting summary judgment in favor of MORPC on plaintiff's claim of reversed race discrimination.

As such, appellant's fourth assignment of error is not well taken and is overruled.

■■■ In the fifth assignment of error, appellant argues that the trial court erred in granting summary judgment in favor of MORPC as to plaintiff's claim for fraud. Plaintiff conceded that he could not maintain a claim for traditional common-law fraud against MORPC but argues that he could maintain an action for fraud because the representations made by MORPC exposed plaintiff to criminal liability. Appellant directs this court's attention to *Russ v. TRW, Inc.* (1991), 59 Ohio St.3d 42, 570 N.E.2d 1076, wherein the court stated as follows:

"Moreover, an action in fraud is maintainable where false representations of an actor expose another to potential criminal liability. In this regard, Section 557 of the Restatement provides as follows:

" 'One who by fraudulent misrepresentations induces another to do an act that would be lawful if the representation were true but which is in fact unlawful is liable to the other for the loss that he incurs in consequence of the unlawfulness of the act thus induced.' " *Id.* at 49, 570 N.E.2d at 1084.

Appellant's argument is premised on the conclusion that MORPC dragged its feet before correcting the wiring problem on the Pack project in an effort to expose plaintiff to criminal liability. However, there is nothing in the record to indicate that plaintiff could even be found criminally liable for any work performed or not performed on any of the homes where he was supervising the rehabilitation. The trial court properly granted summary judgment in favor of MORPC on appellant's fraud claim.

Appellant's fifth assignment of error is overruled.

Based on the foregoing, appellant's first, second, third, fourth and fifth assignments of error are not well taken and are overruled, and the judgment of the Franklin County Court of Common Pleas is affirmed.

*Judgment affirmed.*

TYACK and STRAUSBAUGH, JJ., concur.

DEAN STRAUSBAUGH, J., retired, of the Tenth Appellate District, sitting by assignment.