OPINION
{¶ 1} Plaintiff-appellant Hulme Products, Inc. appeals a summary judgment of the Court of Common Pleas of Ashland County, Ohio, entered in favor of defendant-appellee Shiloh Corporation, dba Shiloh Industries, Inc. Appellant assigns a single error to the trial court:
 {¶ 2} "I. THE ASHLAND COUNTY COURT OF COMMON PLEAS ERRED WHEN IT GRANTED DEFENDANT-APPELLEE SHILOH, SUMMARY JUDGMENT."
 {¶ 3} Appellant has failed to comply with Loc. App. R. 9, and its brief does not contain a separate statement explaining whether its claim is the judgment is inappropriate as a matter of law on the undisputed facts, or that a genuine dispute exists as to a material fact or facts, coupled with a separate statement of the fact issue or issues it alleges are material and genuinely disputed. In its brief, however, appellant argues there is a genuine issue of fact presented herein, regarding the contractual relationship between the parties.
 {¶ 4} The following facts appear to be undisputed. In late 2000, appellee contracted with MTD Products, Inc. to fabricate pivot bars, a component part used to adjust the height of a mower deck on a walk-behind lawnmower. MTD provided appellee with a blueprint of the part.
 {¶ 5} Appellee stamped the part from its facility from raw material, but after stamping, each part contained two holes which needed to be tapped, or threaded. In December of 2000, appellee contacted appellant for a quote on the tapping of the two holes on each part. Appellee provided appellant with MTD's tapping specifications. Appellant responded with a price quotation, and appellee issued a purchase order.
 {¶ 6} On March 7, 2001, appellant sent a letter to appellee, in which it proposed to provide tapping services for the pivot bar for "at least the next three years." Appellee did not have a multi-year commitment with MTD to supply the pivot bars, and did not respond directly to appellant's three year proposal.
 {¶ 7} On September 10, 2001, appellee sent appellant a purchase order for pivot bars from September 1, to June 2, 2002. The purchase order contained language expressly limiting the order to the terms on the face and reverse side of the purchase order. The language on the purchase order also provided any additional or different terms proposed by appellant are expressly rejected unless expressly assented to in writing. Appellant accepted the parts and began the tapping process.
 {¶ 8} In December of 2001, MTD notified appellee the tapped holes on the parts were not perpendicular as required by the specifications. Appellee subsequently learned appellant's automatic tapping machine had broken, and to keep up with production, appellant's employees were manually tapping the holes. Appellant argued its tapping machine had broken because the parts appellee provided were defective.
 {¶ 9} In all, MTD rejected nearly 500,000 parts and returned them to appellee. Appellee re-tapped some of them and out-sourced some to Tri-R Tooling. Appellant and appellee were unable to resolve the dispute, and appellant terminated its dealings with appellee. MTD eventually terminated its contract with appellee. Neither MTD nor Tri-R Tooling is a party to this action.
 {¶ 10} The parties correctly state our review of the motion for summary judgment is de novo, see Smiddy v. The WeddingParty, Inc. (1987), 30 Ohio St. 3d 35. Pursuant to the Rule, a trial court should not enter a summary judgment if it appears a material fact is genuinely disputed, nor if, construing the allegations most favorably towards the non-moving party, reasonable minds could draw different conclusions from the undisputed facts, Houndshell v. American States InsuranceCompany (1981), 67 Ohio St. 2d 427. A trial court may not resolve ambiguities in the evidence presented, Inland RefuseTransfer Company v. Browning-Ferris Industries of Ohio, Inc.
(1984), 15 Ohio St. 3d 321. A fact is material if it affects the outcome of the case under the applicable substantive law,Russell v. Interim Personnel, Inc. (1999),135 Ohio App. 3d 301.
 {¶ 11} At the outset, the moving party bears the initial burden of informing the trial court of the basis of the motion, and identifying the portions of the record which demonstrate the absence of a genuine issue of fact on a material element of the non-moving party's claim, Dresher v. Burt (1996),75 Ohio St. 3d 280. Once the moving party has met its initial burden, the non-moving party must set forth specific facts demonstrating a genuine issue of material fact does exist. If the non-moving party does not respond, summary judgment, if appropriate, shall be entered against the non-moving party, Id.
 {¶ 12} The trial court's judgment of November 17, 2004 addresses the three counts of the complaint: breach of contract, breach of a three-year contract, and violation of the Uniform Commercial Code. The trial court found to prove a breach of contract claim, appellant had to show the existence of a contract, performance, breach, and damage or loss, Doner v.Snapp (1994), 98 Ohio App. 3d 597. The court found the undisputed evidence in the record revealed appellant failed to fully and properly perform its contractual responsibilities. The court found appellant had admitted the parts should be tapped perpendicularly, and also admitted it was paid for all parts that conformed to the specifications, but not for the parts rejected by MTD. The court concluded as a matter of law appellee did not breach its contract with appellant.
 {¶ 13} Appellant argues appellee breached the contract by rejecting some of the parts and requiring them to be re-tapped. Appellant urges the record shows it tapped the second production year's parts in exactly the same way as the first production year, yet the first production year parts were accepted and the second production year parts were rejected.
 {¶ 14} Appellant submitted an affidavit indicating appellee failed to make appropriate specifications for the geometric tolerancing of the part, contributing to the angularity of the tapped hole. In the affidavit, appellant stated if appellee fabricated the pivot bars in such a way that the holes were stamped at an angle, then the tapping would follow the incorrect angle of the hole. Appellant concludes the matter raises a genuine issue of material fact concerning whether appellee was entitled to reject the parts.
 {¶ 15} Thomas Hulme, one of appellant's owners, deposed appellant had contacted appellee to report the parts appellee had fabricated and shipped to appellant were improperly stamped. Appellant had also sent several letters to appellee regarding the problems appellant was experiencing with the flaws in the parts.
 {¶ 16} We find reasonable minds could differ regarding which party was responsible for the defects in the parts ultimately rejected by MTD.
 {¶ 17} Appellant also alleged the parties had entered into a three-year contract, which appellee breached when it tapped the parts itself or sent them to Tri-R Tooling. The trial court found the statute of frauds, R.C. 1335.05, requires any agreement which will not be completed within one year to be in writing and signed by the party to be bound by the agreement. The court found there was no writing supporting appellant's claim.
 {¶ 18} Appellant urges it made a written offer to enter into a long-term contract, which appellee accepted when it submitted the purchase order and shipped parts to appellant.
 {¶ 19} To constitute a valid contract, there must be an offer on the one side and an acceptance on the other, which results in meeting of the parties' minds, Noroski v. Fallet (1982),2 Ohio St. 3d 77. A reply to an offer which is conditioned on terms which are different or additional to those originally offered is not an acceptance but a counter offer, Foster v. Ohio StateUniversity (1987), 41 Ohio App. 3d 86.
 {¶ 20} Here, appellant made an offer, but appellee did not expressly accept it. Instead, appellee made a counter offer in its September 10, 2001 purchase order, which appellant accepted. We find as a matter of law, there was no three-year contract between the parties, and in this, the trial court was correct.
 {¶ 21} Finally, appellant argues appellee violated the Uniform Commercial Code by not accepting the parts appellant had tapped. The court found the transaction was not governed by R.C. 1302 et seq., Ohio's version of the Uniform Commercial Code, because the transaction was not a sale of goods. Instead, the court found as a matter of law, the parties had entered into a services contract, to which the Uniform Commercial Code does not apply. We agree.
 {¶ 22} The assignment of error is sustained as to count one, the breach of contract, but overruled as to count two, the breach of the three year contract, and count three, the violation of the Uniform Commercial Code.
 {¶ 23} For the reasons stated supra, the judgment is affirmed in part and reversed in part. The matter is remanded to the trial court for further proceedings on the issue of which party breached the contract referred to in Count I of appellant's complaint.
Gwin, J., Wise, P.J., and Edwards, J., concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Ashland County, Ohio, is affirmed in part and reversed in part, and the cause is remanded to the court for further proceedings in accord with law and consistent with this opinion. Costs to be split between the parties.