OPINION
{¶ 1} Appellant Brian Farmer appeals the decision of the Knox County Court of Common Pleas, which granted summary judgment in favor of Appellee Rolls-Royce Energy Systems, Inc., appellant's former employer. The relevant facts leading to this appeal are as follows.
 {¶ 2} In January 2002, appellant commenced employment with appellee at its facility in Mount Vernon, Ohio. At some point during December 2002 or January 2003, a roller cabinet toolbox owned by appellant was cosmetically damaged during the course of his employment. Appellant notified his supervisor, Bill McFeely. After some discussion, appellant requested that the toolbox be repaired, rather than replaced.
 {¶ 3} On February 26, 2003, appellant was temporarily laid off from employment. During the lay-off period, appellant left his toolbox in appellee's care. On October 6, 2003, appellant returned to employment with appellee, albeit in a new position. Pursuant to the collective bargaining agreement, appellant was on a thirty-day probationary period. On October 15, 2003, Appellant met with his second-shift supervisor, Ray Harvey, and his union representative, Dean McGuire, over concerns that appellant was spreading rumors and making malicious statements to co-workers. The meeting resulted in a verbal warning to appellant.
 {¶ 4} On October 16, 2003, appellant contacted appellee's ethics officer, Debbie Boal, to complain about an incident on October 7, 2003, wherein his first-shift supervisor, John Shriver, allegedly told appellant, in connection with a discussion about the damaged toolbox status, that his "recall [from lay-off] didn't have to work out." Appellant did not file a written report at the time. Boal's investigation concluded that Shriver did not threaten appellant.
 {¶ 5} On October 24, 2003, appellant was returned to lay-off status. On that same day, appellee completed repairs on appellant's toolbox and returned it to him.
 {¶ 6} On September 22, 2005, appellant filed a lawsuit against appellee in the Knox County Court of Common Pleas, alleging breach of contract, statutory and public policy whistleblower claims, and intentional infliction of emotional distress. Appellee answered on October 19, 2005.
 {¶ 7} On November 18, 2005, appellee filed a motion for summary judgment. Appellant filed a memorandum contra on January 5, 2006, to which appellee replied on January 13, 2006. The trial court issued a judgment entry on February 7, 2006, granting summary judgment in favor of appellee and dismissing the action with prejudice.
 {¶ 8} On February 27, 2006, appellant filed a notice of appeal. He herein raises the following sole Assignment of Error:
 {¶ 9} "I. THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT IN FAVOR OF APPELLEE."
 I. {¶ 10} In his sole Assignment of Error, appellant argues the trial court erred in granting summary judgment in favor of employer-appellee. We disagree.
 Standard of Review {¶ 11} Summary judgment proceedings present the appellate court with the unique opportunity of reviewing the evidence in the same manner as the trial court. Smiddy v. The Wedding Party,Inc. (1987), 30 Ohio St.3d 35, 36, 506 N.E.2d 212. As such, we must refer to Civ.R. 56 which provides, in pertinent part: "Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. * * *" A summary judgment shall not be rendered unless it appears from such evidence or stipulation and only therefrom, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, such party being entitled to have the evidence or stipulation construed most strongly in his favor. Pursuant to the above rule, a trial court may not enter summary judgment if it appears a material fact is genuinely disputed. The party moving for summary judgment bears the initial burden of informing the trial court of the basis for its motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. The moving party may not make a conclusory assertion that the non-moving party has no evidence to prove its case. The moving party must specifically point to some evidence which demonstrates the non-moving party cannot support its claim. If the moving party satisfies this requirement, the burden shifts to the non-moving party to set forth specific facts demonstrating there is a genuine issue of material fact for trial. Vahila v. Hall (1997),77 Ohio St.3d 421, 429, 674 N.E.2d 1164, citing Dresher v. Burt (1996),75 Ohio St.3d 280, 662 N.E.2d 264.
 Breach of Contract Claim {¶ 12} We first address appellant's argument that his claim of breach of contract should have survived summary judgment.
 {¶ 13} In order to prove a breach of contract claim, a plaintiff must show the existence of a contract, performance, breach, and damage or loss. Hulme Products, Inc. v. ShilohCorp., Ashland App. No. 2005-COA-055, 2006-Ohio-3396, ¶ 12, citing Doner v. Snapp (1994), 98 Ohio App.3d 597. In the case sub judice, even if we assume, arguendo, that consideration existed for appellant's utilization of appellee's alleged unwritten policy of promising to repair its employees' personal equipment damaged on the job, we conclude reasonable jurors would not have found the element of damages. Appellant's theory for damages was not a diminution in value to the toolbox, but rather that without his toolbox he missed employment opportunities elsewhere during his layoff period in 2003. However, appellant admitted in his deposition that his toolbox remained operational after it was damaged, and that he voluntarily left it in appellee's care during his layoff, even though he could have taken it with him. Farmer Deposition at 36-39.
 {¶ 14} Therefore, we find summary judgment in favor of appellee was proper as to the breach of contract claim.
 Statutory Whistle Blower Claim {¶ 15} We next turn to appellant's contention that his statutory whistleblower claim should have survived summary judgment.[1]
 {¶ 16} R.C. 4113.52, Ohio's "Whistleblower Act," establishes guidelines by which an employee can bring to the attention of the employer or appropriate authorities illegal activity by either the employer or a co-employee without being discharged. Keefe v.Youngstown Diocese of the Catholic Church (1997),121 Ohio App.3d 1, 5, 698 N.E.2d 1009, citing Bear v. Geetronics, Inc.
(1992), 83 Ohio App.3d 163, 165, 614 N.E.2d 803. In order for an employee to be afforded protection as a "whistleblower," such employee must strictly comply with the dictates of R.C. 4113.52, and the failure to do so prevents the employee from claiming the protections embodied in the statute. Id., citing Contreras v.Ferro Corp. (1995), 73 Ohio St.3d 244, 652 N.E.2d 940, syllabus.
 {¶ 17} R.C. 4113.52(A)(1)(a) states in pertinent part: "If an employee becomes aware in the course of the employee's employment of a violation of any state or federal statute or any ordinance or regulation of a political subdivision that the employee's employer has authority to correct, and the employee reasonably believes that the violation is a criminal offense that is likely to cause an imminent risk of physical harm to persons or a hazard to public health or safety, a felony, or an improper solicitation for a contribution, the employee orally shall notify the employee's supervisor or other responsible officer of the employee's employer of the violation and subsequently shall file with that supervisor or officer a written report that provides sufficient detail to identify and describe the violation. * * *."
 {¶ 18} In the case sub judice, it is undisputed that appellant did not make a written report of the alleged "extortion" stemming from his October 7, 2003 conversation with first-shift supervisor John Shriver until April 15, 2004, well after his second layoff in October 2003. See Bear, supra. Accordingly, upon review, we conclude summary judgment was properly granted in favor of appellee in regard to the statutory whistleblower claim as well.
 Claim of Infliction of Emotional Distress {¶ 19} Section 35, Article II of the Ohio Constitution and R.C. 4123.74 provide an employer under Ohio's Workers' Compensation system is immune from suit by its employees for occupational injuries except for injuries resulting from intentional torts. See Jones v. VIP Development Company (1984),15 Ohio St.3d 90, 472 N.E.2d 1046. To state a claim for intentional infliction of emotional distress, a plaintiff must be able to establish that: (1) the defendant either intended to cause emotional distress, or knew or should have known that its actions would result in serious emotional distress; (2) defendant's conduct was so extreme and outrageous as to go beyond all possible bounds of decency, and would be considered utterly intolerable in a civilized community; (3) defendant's actions proximately caused injury to plaintiff; and (4) the mental anguish plaintiff suffered is serious and of such a nature that no reasonable person could be expected to endure. Ashcroft v.Mt. Sinai Medical Center (1990), 68 Ohio App.3d 359,588 N.E.2d 280.
 {¶ 20} Although we recognize expert medical testimony is not indispensable to a claim of serious emotional distress (seePowell v. Grant Med. Ctr. (2002), 148 Ohio App.3d 1, 6,771 N.E.2d 874), appellant's deposition regarding his alleged injuries reveals the following:
 {¶ 21} "Q. Okay. What kind of emotional distress have you suffered from this — from your allegations?
 {¶ 22} "A. It's prompted me to have to spend several hours doing research that ordinarily I wouldn't have had to do.
 {¶ 23} "* * *
 {¶ 24} "Q. Okay. What are your other symptoms?
 {¶ 25} "A. Symptoms of not getting — you know, having to go out and get a new job, not getting the same paycheck you was accustomed to or the paycheck which you would have been receiving had you not been returned to layoff status over what you believe to be trumped-up charges.
 {¶ 26} "Q. Any other symptoms?
 {¶ 27} "A. Pain in my ass is about the broadest, best one I can give, ma'am.
 {¶ 28} "* * *
 {¶ 29} "Q. Have you received any treatment from a licensed medical professional?
 {¶ 30} "A. Doctor? A licensed doctor, no, not for the emotional distress." Farmer Deposition at 106-107.
 {¶ 31} Upon review of the record, we conclude reasonable jurors would only have found that appellant's claims did not rise to the level of serious mental anguish under Ohio law. Summary judgment in favor of appellee was therefore proper as to the infliction of emotional distress claim.
 Conclusion {¶ 32} The trial court did not err in granting summary judgment in favor of appellee-employer. Appellant's sole Assignment of Error is overruled.
 {¶ 33} For the reasons stated in the foregoing opinion, the judgment of the Court of Common Pleas, Knox County, Ohio, is hereby affirmed.
Wise, P.J., Gwin, J., and Farmer, J., concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Knox County, Ohio, is affirmed.
Costs to appellant.
[1] Appellant's Loc.App.R. 9(A) statement of the issues regarding summary judgment on the whistleblower action goes to the statutory claim only; we will limit our analysis accordingly.