LAMBDIN, Appellant,

v.

KNOTT, Appellee.

[Cite as *Lambdin v. Knott* (1991), 74 Ohio App.3d 606.]

Court of Appeals of Ohio,
Shelby County.

No. 17–90–17.

Decided June 20, 1991.

*Jeffrey D. Slyman,* for appellant.

*John E. Fulker,* for appellee.

BRYANT, Presiding Judge.

This appeal is from the judgment of the Court of Common Pleas of Shelby County dismissing appellant Crystal E. Lambdin's complaint for failure to file a complaint within the two-year period of limitation of action set forth in R.C. 2305.10.

On or about April 22, 1988, appellant and appellee, Thomas L. Knott, were involved in a motor vehicle collision in which Lambdin sustained bodily injuries, allegedly due to the negligence of appellee. On Friday, April 20, 1990, counsel for Lambdin mailed a complaint to the Clerk of Courts of Shelby County. On Wednesday, April 25, 1990, a clerk's staff person informed

Lambdin's counsel that the complaint had not been filed because no filing fee accompanied the complaint when received. Loc.R. 3 of the Court of Common Pleas of Shelby County, General Division provides that no civil action is to be accepted by the clerk for filing unless the party filing the action has first deposited the appropriate sum to secure the payment of costs. On Friday, April 27, 1990, counsel deposited the appropriate filing fee with the clerk's office and the complaint was accepted for filing. In his answer filed May 17, 1990, appellee asserted the affirmative defense of expiration of the statute of limitations and filed a concurrent motion for judgment on the pleadings. On July 19, 1990, the trial court granted appellee's motion for judgment on the pleadings and dismissed appellant's complaint. It is from this judgment appellant asserts the following sole assignment of error:

"The trial court erred in granting the appellees [*sic*] motion for judgment on the pleadings."

The issue of course is not one of file stamping but one of commencement of the action by filing the complaint. The file stamp is the court's evidence of filing and hence of commencement of the action.

Appellant's argument depends on the presumption that the complaint mailed by counsel on April 20, 1990 was received by the clerk for filing by the final day for filing the action within the limitation period, April 23, 1990. Nothing in the record discloses this fact. In support of his assignment of error, appellant asks us to indulge a presumption that in the regular course of mail delivery an item mailed Friday, April 20, will be received by the addressee on Monday, April 23. In the absence of evidence in the record establishing the fact of the date of the mail delivery in question, we decline to presume what we do not know. The only evidence of the filing of the complaint is the file stamped date affixed by the clerk upon payment of the required filing fee on April 27, 1990 pursuant to Loc.R. 3. Civ.R. 3(A) provides that an action is commenced upon the filing of a complaint with the court, not on the date of receipt by the court. Here filing was not complete until the filing fee was deposited with the clerk, because the filing fee was not received until April 27, 1990.

An action is commenced upon filing a complaint with the clerk. Pursuant to Loc.R. 3, no action may be commenced until costs are received or until the filing fee is deposited with the clerk. The time stamp indicates the date and time of filing, here April 27, 1990. Nothing in the record discloses a filing date earlier than April 27, 1990. Nothing in the record supports appellant's assertion that the complaint was received by the clerk within the applicable statutory limitation period. We find no error in dismissal of the action. Appellant's assignment of error is overruled.

608

For the reasons stated above, the judgment of the Court of Common Pleas of Shelby County is affirmed.

*Judgment affirmed.*

HADLEY and EVANS, JJ., concur.