MOSHIER, Appellant,

v.

JEG'S HIGH PERFORMANCE CENTERS, INC., Appellee.

[Cite as *Moshier v. Jeg's High Performance Centers, Inc.* (1994), 99 Ohio App.3d 236.]

Court of Appeals of Ohio,
Franklin County.

No. 94APE07–974.

Decided Dec. 20, 1994.

*Barry A. Mentser,* for appellant.

*Gibson & Robbins–Penniman* and *J. Miles Gibson,* for appellee.

PEGGY BRYANT, Judge.

Plaintiff-appellant, Scott Moshier, appeals from a judgment of the Franklin County Court of Common Pleas granting the summary judgment motion of defendant-appellee, Jeg's High Performance Centers, Inc. Plaintiff's single assignment of error states:

"The trial court erred in granting summary judgment on appellant's claim under O.R.C. § 4113.52 as the appellee expressly waived its rights under that statute."

On May 17, 1993, plaintiff filed a complaint against defendant. Under the first count of the complaint, plaintiff asserted that defendant violated R.C. 4113.52 in discharging him after plaintiff witnessed a felony theft at the workplace, advised defendant of the occurrence, and reported the incident to a local law enforcement agency. In the second count of the complaint, plaintiff asserted that defendant breached its contract of employment with plaintiff in discharging him.

Following service on defendant, defendant filed an answer, and ultimately a motion for summary judgment. In its motion, defendant contended that plaintiff was not entitled to the protections afforded by R.C. 4113.52, as plaintiff had failed to file a written report as required under the terms of that statute. Further,

defendant asserted that plaintiff had nothing more than an at-will contract of employment with defendant. Following full briefing on defendant's motion, the trial court granted defendant's motion in its entirety, entering judgment for defendant.

Plaintiff appeals, assigning as error the trial court's determination that plaintiff presented no viable claim under R.C. 4113.52. Specifically, plaintiff contends that defendant waived its rights to a written report under the statute, and that plaintiff's failure to file a written report does not render him unprotected under the terms of the statute.

R.C. 4113.52(A)(3) provides:

"If an employee becomes aware in the course of his employment of a violation by a fellow employee of any state or federal statute, any ordinance or regulation of a political subdivision, or any work rule or company policy of his employer and the employee reasonably believes that the violation either is a criminal offense that is likely to cause an imminent risk of physical harm to persons or a hazard to public health or safety or is a felony, *the employee orally shall notify his supervisor or other responsible officer of his employer of the violation and subsequently shall file with that supervisor or officer a written report that provides sufficient detail to identify and describe the violation.*" (Emphasis added.)

Here, the parties agree that plaintiff orally notified defendant of the alleged felony theft, but failed to follow up his oral report with the written report required under the statute. Relying on *Bear v. Geetronics, Inc.* (1992), 83 Ohio App.3d 163, 614 N.E.2d 803, the trial court held that plaintiff's failure to file a written report precluded his relying on the protections afforded under R.C. 4113.52. Plaintiff attempts to distinguish *Bear* by contending that, unlike the circumstances of *Bear,* plaintiff offered to file a written report, but defendant assured him that it would not require anything in writing.

Plaintiff's contentions invite us to rewrite the statute, and we decline. R.C. 4113.52 plainly requires an employee to file a written report in order to gain the benefits of the statute. We assume that requirement is to eliminate those instances where an employee contends that he or she orally reported the incident, and the employer denies it. To allow the requirement of a written report to be circumvented by an employee's contention that the employer assured him that a written report was unnecessary would not only resurrect the problem the statute apparently was designed to preclude, but directly contradict the specific language of the statute.

R.C. 4113.52 was enacted to protect employees from retaliatory discharge. In order to fall within the protections provided by that statute, the legislature has

set forth certain prerequisites. Among those, an employee is required to file a written report of the incident at issue. Finding nothing in the statute which suggests that an employer may "waive" those requirements or modify the legislation by its actions, we find plaintiff's contentions unpersuasive. As a result, the trial court properly concluded that plaintiff's failure to comply with the requirements of R.C. 4113.52 precludes his ability to bring an action under that statute.

For the foregoing reasons, plaintiff's single assignment of error is overruled, and the judgment of the trial court is affirmed.

*Judgment affirmed.*

CLOSE and CACIOPPO, JJ., concur.

MARY CACIOPPO, J., retired, of the Ninth Appellate District, sitting by assignment.