OPINION
Plaintiff Kenneth M. Brake, individually and in his capacity as the executor of the estate of his wife Dorothy M. Brake, appeals the October 5, 1999 judgment and order of the Common Pleas Court of Mercer County dismissing his civil complaint against defendants Williamsburg Square, LTD. and Gorsuch Management.
Plaintiff's complaint, alleging negligence, personal injuries and loss of consortium, was originally filed on February 8, 1996. On November 13, 1997, the case was dismissed without prejudice by the trial court, apparently pursuant to Civ.R. 41(A)(2). On November 10, 1998, plaintiff's attorney mailed a new complaint and a check in the amount of $150.00 to the Mercer County Clerk of Courts with the intent to refile the case pursuant to the provisions of R.C. 2305.19. However, plaintiff's attorney inadvertently failed to sign the check prior to mailing.
On November 12, 1998, the Mercer County Clerk of Courts contacted the office of plaintiff's attorney and spoke with a newly hired law clerk about the unsigned check. The law clerk apparently misunderstood the discussion, and believed that Clerk of Courts had filed the complaint but would return the check to plaintiff's attorney for signature. Instead, the Clerk mailed both the unfiled complaint and the unsigned check to plaintiff's attorney, who received them on November 16, 1998.
On November 17, 1998, plaintiff's attorney presented the complaint to the Clerk again, accompanied by the proper filing fee. The Clerk accepted and filed the complaint. However, the November 17 actual filing date was some five days after the one-year refiling deadline established under R.C. 2305.19. On December 14, 1998, defendants filed a joint motion to dismiss, arguing that the action was barred as being filed beyond the applicable statute of limitations and did not meet the conditions for refiling established by R.C. 2305.19. On March 17, 1999, the plaintiff filed a response to the motion, and attached affidavits indicating that the failure to sign the filing fee check was inadvertent, and also that the check would have been honored if the clerk of court had attempted to cash it.
The trial court apparently took the motion to dismiss under advisement, and on October 5, 1999, issued a decision dismissing the case. Relying on the Mercer County Local Rules of Practice and this Court's decision in Lambdin v. Knott (1991), 74 Ohio App.3d 606,607, the trial court determined that "viewing the record most strongly in favor of plaintiffs, the court finds that plaintiffs have failed to commence their action within the one-year time period * * *." Judgment Entry Decision on Motion to Dismiss, at *3. Plaintiff now appeals, and asserts three assignments of error with the trial court's decision.
 The trial court erred in failing to find that the clerk of court erred by refusing to file the timely tendered complaint of the plaintiff-appellant.
 The trial court erred in finding it was without jurisdiction to hear and determine plaintiff-appellants' [sic] cause.
 The trial court abused its discretion by failing to allow the plaintiff-appellants' [sic] cause to be heard upon the merits as opposed to dismissing the case upon procedural grounds.
Plaintiff's three assigned errors are essentially identical, and we will address them together. Plaintiff basically argues that the clerk should have accepted the complaint when it was initially filed, and that the trial court erred by dismissing the case because it had not been commenced within one year of the previous dismissal. R.C. 2305.19 provides:
 In an action commenced, or attempted to be commenced, * * * if the plaintiff fails otherwise than upon the merits, and the time limited for the commencement of such action at the date of reversal or failure has expired, the plaintiff, or, if he dies and the cause of action survives, his representatives may commence a new action within one year after such date.
As applied to this case, it is undisputed that R.C. 2305.19 required plaintiff's action to be "commenced" by November 12, 1998, the date of the first attempted filing.
Civ.R. 3(A) provides that "[a] civil action is commenced by filing a complaint with the court." This Court has previously held that where there is a local court rule prohibiting the clerk from accepting a complaint for filing unless accompanied by the proper fee, an action has not been "commenced" under Civ.R. 3(A) until the proper filing fee has been paid. See Lambdin v. Knott
(1991), 74 Ohio App.3d 606, 607, construing Civ.R. 3(A) and Shelby Cty. Loc.R. 3. Here, the trial court rested its decision largely upon Mercer Cty. Loc.R. 1(F), which provides that "no civilactions or proceedings shall be accepted for filing by the clerk unless the party or parties offering the same for filing shall first deposit a sum of money to secure the payment of costs." (emphasis added).
The foregoing local rule is substantially identical to the one this Court interpreted in Lambdin. Mercer Cty. Loc.R. 1(F) forbids the clerk from accepting a complaint for filing unless it is accompanied by the proper filing deposit. As such, it is clear that in this case (as in Lambdin) the clerk's rejection of the complaint when it was first proffered was in direct compliance with the local rules of court. Because the plaintiff failed to ensure that the complaint was accompanied by the appropriate fee, his action was not "commenced" until the second date it was presented to the clerk for filing, November 17, 1998. See id. at 607.
Accordingly, we conclude that plaintiff's action was not commenced until five days after the expiration of the one-year period established by R.C. 2305.19, and the trial court did not abuse its discretion by sustaining the defendants' motion to dismiss. Plaintiff's three assigned errors are overruled, and the judgment of the Mercer County Court of Common Pleas is hereby affirmed.
Judgment affirmed.
WALTERS and BRYANT, JJ., concur.