OPINION *Page 2 
{¶ 1} Plaintiff-appellant/cross-appellee Barbara Hull appeals a summary judgment of the Court of Common Pleas of Stark County, Ohio, entered in favor of defendants-appellees/cross-appellants, J.C. Penney Company, Inc. and Barbara Pearles. Appellant assigns a single error to the trial court:
 {¶ 2} "I. THE TRIAL COURT ERRED IN GRANTING APPELLEES' MOTION FOR SUMMARY JUDGMENT."
 {¶ 3} Appellant argues the court's decision regarding the statute of limitations was wrong as a matter of law and also maintains there are genuine issues of material fact.
 {¶ 4} Civ. R. 56 (C) states in pertinent part:
 {¶ 5} "Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule. A summary judgment shall not be rendered unless it appears from the evidence or stipulation, and only from the evidence or stipulation, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence or stipulation construed most strongly in the party's favor. A summary judgment, interlocutory in character, may be rendered on the issue of liability alone although there is a genuine issue as to the amount of damages." *Page 3 
 {¶ 6} A trial court should not enter a summary judgment if it appears a material fact is genuinely disputed, nor if, construing the allegations most favorably towards the non-moving party, reasonable minds could draw different conclusions from the undisputed facts,Houndshell v. American States Insurance Company (1981),67 Ohio St. 2d 427. The court may not resolve ambiguities in the evidence presented,Inland Refuse Transfer Company v. Browning-Ferris Industries of Ohio,Inc. (1984), 15 Ohio St. 3d 321. A fact is material if it affects the outcome of the case under the applicable substantive law, Russell v.Interim Personnel, Inc. (1999), 135 Ohio App. 3d 301.
 {¶ 7} When reviewing a trial court's decision to grant summary judgment, an appellate court applies the same standard used by the trial court, Smiddy v. The Wedding Party, Inc., (1987), 30 Ohio St. 3d 35. This means we review the matter de novo, Doe v. Shaffer,90 Ohio St. 3d 388, 2000-Ohio-186.
 {¶ 8} The party moving for summary judgment bears the initial burden of informing the trial court of the basis of the motion and identifying the portions of the record which demonstrate the absence of a genuine issue of fact on a material element of the non-moving party's claim,Drescher v. Burt (1996), 75 Ohio St. 3d 280. Once the moving party meets its initial burden, the burden shifts to the non-moving party to set forth specific facts demonstrating a genuine issue of material fact does exist, Id. The non-moving party may not rest upon the allegations and denials in the pleadings, but instead must submit some evidentiary material showing a genuine dispute over material facts, Henkle v.Henkle (1991), 75 Ohio App. 3d 732.
 {¶ 9} The trial court's judgment entry of June 11, 2007 discussed the facts at some length. Appellant was the salon manager at J.C. Penney's Canton store, and *Page 4 
during the time in question, Barbara Pearles was the store manager. On June 3, 2005, Pearles conducted a walk-through of the salon area and observed several items behind the salon reception desk. These items included a broom, a yardstick, a bag of purchased salon products left by a customer, and some post-it-notes and scotch taped notes affixed to the far edge of the reception desk, but out of the public view. Pearles handed the items, except the notes, to appellant, one by one, and appellant sat down in a chair to receive them. Thereafter, in the presence and view of various customers and employees of the salon, and at a time when the salon was busy, Pearles stuck or taped at least seven notes, also one by one, on to appellant's clothing and skin from her shoulder down her arm to her wrist, pressing them on with sufficient force to remain stuck to appellant.
 {¶ 10} Subsequently, Pearles bragged to other employees about what she had done to appellant. Appellant alleged Pearles had been abrasive and/or abrupt towards her on several prior occasions in the presence of co-workers and customers. Appellant alleged the post-it-note event caused a co-worker and a customer to intervene and/complain to J.C. Penney. Appellant acknowledged after the post-it-note incident she maintained her composure in front of her co-workers and customers, but later became hysterical. Appellant had to resume using Prozac because of the resulting stress and depression caused by Pearles' behavior.
 {¶ 11} Appellant contacted Penney's district manager one week after the incident, again becoming hysterical as she described the incident. The district manager told appellant to confront Pearles directly about the incident. *Page 5 
 {¶ 12} Appellant then met with Pearles and told her how she had humiliated appellant. Pearles initially told appellant she was too sensitive. Eventually Pearles apologized, but indicated she had spoken earlier to appellant about the notes. Subsequently, appellant called the district manager's office again, but the district manager did not take any action or report the incident until contacted by appellant's attorney more than eight months later.
 {¶ 13} Appellant's complaint stated claims of assault and battery, intentional/reckless infliction of emotional distress, and negligent hiring, supervision, and/or retention.
 Assault and Battery {¶ 14} The trial court found appellant's assault and battery claim presented genuine issues of material fact. However, the court found this claim was barred by the statute of limitations.
 {¶ 15} R.C. 2305.11 (B) establishes a one year statute of limitations for assault and battery claims. The post-it-note incident which gave rise to the assault and battery claim occurred on June 3, 2005. June 3, 2006 fell on Saturday, extending the time until Monday, June 5.
 {¶ 16} Appellant's original complaint was a hand written document filed stamped June 5, 2006, at 4:57 p.m. The following day, appellant filed an amended complaint and tendered the filing fee. The court found the clerk of courts office closes to the public at 4:30 p.m. and Loc. R. 20.01 (a) required appellant to remit the filing fee with her initial complaint. The trial court concluded the complaint was filed on June 6, 2006. *Page 6 
 {¶ 17} Loc. R. 20.01 (a) provides the clerk of courts shall not accept any civil action or proceeding for filing unless the party or parties offering the document for filing have deposited a sum to secure the payment of costs that may accrue, unless otherwise provided by law. Appellant argues the clerk of courts did not close the office at 4:30 p.m., but permitted her counsel to prepare and present a handwritten complaint after hours. Appellant offered evidence this is the office's usual procedure. Appellant compares her situation to one in which there might be a long line at the filing desk, resulting in some persons arriving before closing time but unable to present their documents before the office closes. In this situation, appellant argues, it would be improper for the clerk of courts to refuse to file those documents. Appellant's hypothetical example does not reflect the facts she alleges occurred here.
 {¶ 18} In addition, appellant states the clerk of courts informed her she could pay the filing fee on the following day. Appellant directs us to Civ. R. 3 which provides a civil action is commenced by filing a complaint with the court. The rule makes no mention of filing fees or after-hours transactions.
 {¶ 19} The trial court cited Lambdin v. Knott (1991),74 Ohio App. 3d 606, 600 N.E. 2d 247. In Lambdin, counsel maintained he mailed a complaint to the clerk of courts on Friday, April 20, 1990. The statute of limitations on the claim ran on April 22, 1990. On Wednesday, April 25, 1990, the clerk of courts informed counsel the complaint had not been filed because no filing fee accompanied the complaint when it was received. When counsel deposited the filing fee on April 27, the clerk accepted the complaint for filing. The court dismissed the case, finding there was no evidence the clerk had received the complaint before the statute had run. *Page 7 
 {¶ 20} J.C. Penney argues appellant cannot rely on advice from the clerk of court, and the clerk cannot disregard Loc. R. 20.01. We agree. J.C. Penney also directs our attention to Common Pleas Loc. R. 9.09 which provides in part:
 {¶ 21} VIII. TIME OF FILING
 {¶ 22} "A. Subject to the provisions of the rule, all documents sent by fax and accepted by the Clerk shall be considered filed with the Clerk of Courts as of the date and time the fax transmission was received by the Clerk of Courts. The office of the Clerk of Courts will be deemed open to receive facsimile transmission of documents on the basis of 24 hours per day seven days per week including holidays. Each page of any document received by the Cleric [sic] will be automatically imprinted with the date and time of receipt. The date and time imprinted on the document will determine the time of filing, provided the document is deemed accepted by the Cleric [sic].
 {¶ 23} "[The fact that fax filing may be available to file certain documents at times when the office of the Clerk of Courts is not otherwise open for business DOES NOT accelerate the time for filing. For example, if the time for filing a document falls on a Saturday, Civil Rule 6 and Criminal Rule 45 extend the time for filing to the next regular business day of the Clerk's office. This fax filing rule would NOT require the document to be filed by fax on Saturday. It would be due on the next regular business day of the Clerk's office whether filed physically at the Clerk's office or by fax on that day.]"
 {¶ 24} The Rule also provides certain documents may not be filed by fax, including, inter alia, original complaints; any document that requires a filing fee or deposit for cost; or any document the Clerk's Office must serve. *Page 8 
 {¶ 25} We find because appellant did not attempt to present her complaint to the clerk of court during its posted business hours, nor did she offer the appropriate filing fee, the trial court did not err in finding appellant did not file her complaint until June 6. For this reason, we conclude appellant's claim for assault and battery was barred by the statute of limitations.
 Intentional/Reckless Infliction of Emotional Distress {¶ 26} The trial court granted summary judgment on appellant's intentional/reckless infliction of emotional distress claim. The court correctly cited the seminal case of Yeager v. Local Union 20 (1983),6 Ohio St. 3d 369. In Yeager, the Supreme Court found one who by extreme and outrageous conduct intentionally or recklessly causes serious emotional distress to another is subject to liability for damages due to the emotional distress. The Supreme Court warned it is insufficient that the tortfeasor acted with tortious, or even criminal, intent. It is insufficient to show malice, or a degree of aggravation which would entitle a plaintiff to punitive damages for other torts. Liability for intentional infliction of emotional distress requires conduct so outrageous in character and extreme in degree as to go beyond all possible bounds of decency, which would be regarded as atrocious and utterly impossible in a civilized community, Yeager at 374-375.
 {¶ 27} The trial court also discussed our case of Keefe v. YoungstownDiocese of the Catholic Church (1997), 121 Ohio App. 3d 1. InKeefe, this court found the defendant's actions were insufficient to constitute intentional infliction of emotional distress, even where there was a continuing pattern of harassment, often committed in *Page 9 
the presence of co-workers and others, for which the plaintiff required medical and psychiatric treatment.
 {¶ 28} We agree with the trial court Pearles' actions towards appellant were not so outrageous in character and extreme degree as to go beyond all possible bounds of decency and to be regarded by a civilized community as atrocious. We find the trial court did not err in granting summary judgment on the intentional/reckless infliction of emotion distress claim.
 Negligent Hiring, Supervision, and Retention {¶ 29} The trial court also granted summary judgment on appellant's negligent hiring, supervision, and retention claim. The court correctly set out the elements of the claim: (1) the existence of an employment relationship; (2) the fellow employee's incompetence; (3) the employer's actual or constructive knowledge of such incompetence; (4) the employee's act or omission which caused the plaintiff's injuries; and (5) the employer's negligence in hiring or retaining the employee as a proximate cause of the injury.
 {¶ 30} The trial court found appellant admitted she never reported any concerns or problems about Pearls to J.C. Penney management prior to the post-it-note incident, and thus appellant had not demonstrated Penney's had actual or constructive knowledge of Pearles' alleged incompetence. Even though Penney's had given Pearles low evaluations for leadership and communications skills in the past, this is insufficient to demonstrate Penney's knew or should have known of Pearles alleged incompetence prior to the post-it-note incident. The court was correct in finding appellant did not demonstrate Penney's negligently hired, supervised, and/or retained Pearles. *Page 10 
 {¶ 31} The assignment of error is overruled.
 {¶ 32} Appellees-Cross appellants assign as error:
 {¶ 33} "I. THE TRIAL COURT MADE AN ERROR IN ITS DECISION ON DEFENDANTS' MOTION FOR SUMMARY JUDGMENT BY DETERMINING THAT PLAINTIFF HAD ESTABLISHED A PRIMA-FACIE CASE FOR ASSAULT AND BATTERY."
 {¶ 34} In light of the foregoing, we find appellees' cross assignment of error is moot.
 {¶ 35} For the foregoing reasons, the judgment of the Court of Common Pleas of Stark County, Ohio, is affirmed.
 By: Gwin, P.J., Wise, J., and Edwards, J., concur. *Page 11 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Stark County, Ohio, is affirmed. Costs to appellant. *Page 1