DECISION AND JOURNAL ENTRY
{¶ 1} Appellant-Cross Appellee, John Stipkala, appeals from the judgment of the Summit County Court of Common Pleas granting summary judgment in favor of Appellee-Cross Appellant on his gender discrimination claim. This Court affirms.
 I. {¶ 2} Appellant was an employee of Appellee-Cross Appellant, Bank One, N.A.,[1] for more than fifteen years before he was terminated on April 4, 2001. He became a recovery officer for Appellee in 1997, at which time he was supervised by David Frances. As a recovery officer, Appellant's duty was to recover bad debt by placing phone calls, writing letters, negotiating settlements, and initiating legal proceedings if necessary.
 {¶ 3} In January 2000, Mr. Frances resigned and was replaced by Maureen Wegenek. By Appellant's own admissions, he struggled to meet the standards set by Ms. Wegenek. Once Ms. Wegenek became manager of the recovery sector, it is undisputed that the focus shifted toward quantity rather than quality. That is, recovery officers were to work on recovering from as many bad debts as feasible. Each officer was instructed to work through their queues as quickly as possible. These queues operated to demonstrate which accounts each officer was working on at a given time. Ms. Wegenek repeatedly informed Appellant that he was not working through his queues in a timely manner despite working fifty to sixty hours each week. After repeated warnings, Ms. Wegenek reduced Appellant's work week to forty hours in the hope of forcing him to work more efficiently. When this tactic failed, Appellant was terminated from his employment with Appellee.
 {¶ 4} On July 1, 2002, Appellant filed suit against Appellee and individual supervisors Maureen Wegenek and Valorie Hammond. Appellant's complaint included allegations of age discrimination, intentional and negligent infliction of emotional distress, and negligent hiring, promotion and retention. Appellant amended his complaint on February 27, 2003, to add a cause of action for reverse sex discrimination. On August 1, 2003, Appellee moved for summary judgment on all counts of Appellant's complaint. The trial court granted Appellee's motion on Appellant's claims of reverse sex discrimination, intentional infliction of emotional distress, and negligent hiring, promotion and retention. Additionally, upon reconsideration, the trial court granted Appellee's motion on Appellant's claim of negligent infliction of emotional distress. Thereafter, a trial was held on Appellant's claim of age discrimination and a jury returned a verdict in favor of Appellee. Appellant timely appealed, raising two assignments of error.
 II. ASSIGNMENT OF ERROR I
"THE TRIAL COURT ERRED IN GRANTING [APPELLEE'S] MOTION FOR SUMMARY JUDGMENT ON [APPELLANT'S] CLAIM FOR GENDER-BASED (SEX) DISCRIMINATION."
 {¶ 5} In his first assignment of error, Appellant claims that the trial court erred in granting summary judgment on his gender discrimination claim because he provided evidence of discrimination in the workplace. This Court disagrees.
 {¶ 6} This Court reviews an award of summary judgment de novo. Graftonv. Ohio Edison Co. (1996), 77 Ohio St.3d 102, 105. We apply the same standard as the trial court, viewing the facts in the case in the light most favorable to the non-moving party and resolving any doubt in favor of the non-moving party. Viock v. Stowe-Woodward Co. (1983),13 Ohio App.3d 7, 12.
 {¶ 7} Pursuant to Civil Rule 56(C), summary judgment is proper if:
"(1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party." Temple v. Wean United, Inc. (1977),50 Ohio St.2d 317, 327.
 {¶ 8} The party moving for summary judgment bears the initial burden of informing the trial court of the basis for the motion and pointing to parts of the record that show the absence of a genuine issue of material fact. Dresher v. Burt (1996), 75 Ohio St.3d 280, 292-93. Specifically, the moving party must support the motion by pointing to some evidence in the record of the type listed in Civ.R. 56(C). Id. Once this burden is satisfied, the non-moving party bears the burden of offering specific facts to show a genuine issue for trial. Id. The non-moving party may not rest upon the mere allegations and denials in the pleadings but instead must point to or submit some evidentiary material that demonstrates a genuine dispute over a material fact. Henkle v. Henkle (1991),75 Ohio App.3d 732, 735.
 {¶ 9} In its motion for summary judgment, Appellee argued that Appellant could not succeed on his claim for gender discrimination because he had failed to allege that similarly situated females were treated more favorably, citing Appellant's admission that he had never seen a female employee treated more favorably. In response, Appellant relied upon the affidavits of former Bank One employees David Frances, David Mucklow, Gary Thomas, and current employee John Pribulsky. Frances indicated that he hired Ms. Wegenek against his own desires on the advice of Ms. Kim Hannon, his supervisor. Mr. Mucklow's and Mr. Thomas' affidavits indicated that women were prevalent in the Bank One workplace. Ultimately, the trial court found that Appellant had failed to demonstrate a genuine issue as to any material fact with regard to his claim of gender discrimination.
 {¶ 10} It is an unlawful discriminatory practice for any employer to "discharge without just cause, to refuse to hire, or otherwise discriminate against [a] person with respect to hire, tenure, terms, conditions, or privileges of employment, or any matter directly or indirectly related to employment," on the basis of gender. R.C. 4112.02(A). Additionally, the Ohio Supreme Court has held that federal case law interpreting Title VII of the Civil Rights Act of 1964 is generally applicable to cases involving alleged violations of R.C. 4112. Plumbers Steamfitters Joint Apprenticeship Committee v. Ohio Civ. Rights Comm.
(1981), 66 Ohio St.2d 192, 196.
 {¶ 11} A plaintiff may show that he was the victim of a discriminatory practice by either direct evidence or through indirect evidence. Byrnesv. LCI Communications Holdings Co. (1996), 77 Ohio St.3d 125, 128. Appellant has asserted that he successfully demonstrated that he was a victim of a discriminatory practice by both direct and indirect evidence. To succeed utilizing direct evidence, a plaintiff "must prove a causal link or nexus between evidence of a discriminatory statement or conduct and the prohibited act of discrimination to establish a violation." Id. at 130.
 {¶ 12} Appellant has identified several comments allegedly made by his supervisor, Ms. Wegenek, which evidence discrimination. Appellant alleged that at a meeting which took place approximately six years before this litigation, Ms. Wegenek passed out a memo which stated that men only wanted sex and made poor parents. Additionally, Appellant presented evidence that Ms. Wegenek once told other managers that she was "breaking up the boys club" with her promotion to manager. However, at no point has Appellant even alleged a causal connection between these statements and his termination. Further, Appellant was not present when either of these comments were made, and neither comment was made within a reasonably close time to Appellant's termination. Accordingly, they cannot serve as direct evidence of Appellee's discriminatory intent.
 {¶ 13} Additionally, in support of his claim that he established the discriminatory intent of his employer through direct evidence, Appellant cites the statements of several other male employees who claim that they were not awarded promotions because they were men. However, a plaintiff cannot establish direct evidence of discrimination solely by presenting evidence of allegedly discriminatory acts taken against other employees.Jackson v. Champaign National Bank Trust Co. (Sept. 26, 2000), 10th Dist. No. 00AP-170. As such, Appellant failed to demonstrate discriminatory intent through direct evidence.
 {¶ 14} However, Appellant may also demonstrate discriminatory intent through indirect evidence. Byrnes, 77 Ohio St.3d at 128-29. Ohio courts analyze discrimination claims which are based on indirect evidence under the framework provided by McDonnell Douglas Corp. v. Green (1973),411 U.S. 792. Under McDonnell Douglas, ordinarily a plaintiff may make a prima facie showing of discrimination by establishing that he: (1) was a member of a protected class; (2) suffered an adverse employment action; (3) was qualified for the position; and that (4) a comparable non-protected person received better treatment. See Mitchell v. ToledoHospital (C.A.6, 1992), 964 F.2d 577, 581. However, in a case of reverse discrimination, a plaintiff must also establish that the defendant is the unusual employer who discriminates against the majority. Bushman v.Mid-Ohio Regional Planning Comm. (1995), 107 Ohio App.3d 654, 662.
 {¶ 15} The Sixth Circuit has established a series of affinities ordinarily essential to a finding that individuals are similarly situated. Mitchell, 964 F.2d at 581-582. These include that "the individuals with whom the plaintiff seeks to compare his/her treatment must have dealt with the same supervisor, have been subject to the same standards and have engaged in the same conduct without such differentiating or mitigating circumstances that would distinguish their conduct or the employer's treatment of them for it." Id. at 583. That is, Appellant must demonstrate that a female employee under Ms. Wegenek engaged in the same conduct but was either not disciplined or not disciplined as severely as Appellant. Clayton v. Meijer, Inc. (C.A.6, 2002), 281 F.3d 605, 611.
 {¶ 16} In the instant case, Appellant has not identified a similarly situated employee who was treated differently than him. Rather, the record reflects that Ms. Wegenek treated each of her employees in the same manner. The focus for each employee was quantity. Employees were expected to work through their queues in a timely manner. After repeated warnings and failed attempts to improve Appellant's efficiency at moving through these queues, Appellant was terminated. As he has not identified a female in any department at Bank One who had even similar workplace deficiencies, Appellant cannot succeed on his discrimination claim through the use of indirect evidence. Mitchell, 964 F.2d at 583. Accordingly, Appellant's first assignment of error is overruled.
ASSIGNMENT OF ERROR II
"THE TRIAL COURT ERRED IN FAILING TO GIVE A JURY INSTRUCTION ON [APPELLANT'S] CLAIM OF GENDER-BASED (SEX) DISCRIMINATION."
 {¶ 17} In his second assignment of error, Appellant contends that the trial court abused its discretion in failing to instruct the jury on his claim of reverse sex discrimination. This Court disagrees.
 {¶ 18} The proper standard of review for Appellant's second assignment of error is whether the trial court abused its discretion by refusing to give a requested jury instruction. State v. Wolons (1989),44 Ohio St.3d 64, 68. Abuse of discretion requires more than simply an error in judgment; it implies unreasonable, arbitrary, or unconscionable conduct by the court. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219.
 {¶ 19} At trial, Appellant presented the same evidence as he presented in opposition to Appellee's motion for summary judgment. Based upon this Court's determination that summary judgment was appropriate on Appellant's reverse sex discrimination claim, this Court cannot say that the trial court abused its discretion in failing to instruct the jury on sex discrimination. Accordingly, Appellant's second assignment of error is overruled.
 CROSS-ASSIGNMENT OF ERROR I
"THE TRIAL COURT ERRED IN DENYING [APPELLEE'S] MOTION FOR SUMMARY JUDGMENT ON [APPELLANT'S] AGE DISCRIMINATION CLAIM."
 CROSS-ASSIGNMENT OF ERROR II
"THE TRIAL COURT ERRED IN ADMITTING ALLEGED EVIDENCE OF SEX AND OTHER DISCRIMINATION IN AN AGE DISCRIMINATION CASE."
 CROSS-ASSIGNMENT OF ERROR III
"THE TRIAL COURT ERRED IN FAILING TO DIRECT A VERDICT IN FAVOR OF [APPELLEE] ON [APPELLANT'S] AGE DISCRIMINATION CLAIM."
 {¶ 20} Given this Court's resolution of Appellant's assignments of error, Appellee's cross-assignments of error are moot, and this Court declines to address them. See App.R. 12(A)(1)(c).
 III. {¶ 21} Appellant's assignments of error are overruled and Appellee's crossassignments of error are moot. The judgment of the Summit County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
Exceptions.
Carr, P.J. Slaby, J. concur.
[1] Appellee will be referred to in the singular for ease. However, Maureen Wegenek and Valorie Hammond are also Appellees.